UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
─────────────────────────────────────────────
DONNA M. CASSON,

                      Plaintiff,

    -against-                                5:10-CV-01537 (LEK/ATB)

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL
SECURITY,

                      Defendant.
─────────────────────────────────────────────

**DECISION and ORDER**

       This matter comes before the Court following a Report-Recommendation filed on November 9, 2011 by the Honorable Andrew T. Baxter, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and L.R. 72.3(d) of the Northern District of New York. Dkt. No. 16 ("Report-Rec."). After fourteen days from the service thereof, the Clerk has sent the entire file to the undersigned, including the Objections by Defendant Michael J. Astrue ("Defendant"), which were filed on November 22, 2011, and the Objections by Plaintiff Donna M. Casson ("Plaintiff"), which were filed on December 5, 2011. Dkt. Nos. 17 ("Defendant's Objections"); 19 ("Plaintiff's Objections").

       This Court is to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). Where, however, an objecting "party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Farid v. Bouey, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008) (quoting McAllan v. Von Essen, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007)) (citations and quotations omitted); see also Brown v. Peters, No. 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997). "A [district] judge . . . may

accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Plaintiff filed applications for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") on October 17, 2006, alleging a disability onset date of May 13, 2004.[1] Dkt. No. 11 ("Plaintiff's Brief"), at 2. After her initial application was denied and a hearing was held before an Administrative Law Judge ("ALJ"), Plaintiff was found to be disabled as of October 17, 2006. Id. Although this finding allowed Plaintiff to receive SSI benefits, she was denied DIB benefits because her disability onset date was found to be after June 30, 2005, her date last insured for DIB. Id. After being denied administrative review, Plaintiff filed the present appeal.

In his Report-Recommendation, Magistrate Judge Baxter found that the ALJ should have attempted to obtain treatment records from ophthalmologist Dr. Temnycky in order to clarify when Plaintiff's vision loss "became 'severe' and/or disabling." Report-Rec at 18-20. Judge Baxter recommends that this action be remanded to the ALJ for further proceedings, and for a reassessment of whether Plaintiff "suffered from severe impairments and/or was disabled between May 13, 2004 and June 30, 2005." Id. at 10.

Defendant objects to Judge Baxter's recommendation to remand, and to his finding that the ALJ did not adequately develop the administrative record. Def.'s Obj. at 1. Defendant also objects to Judge Baxter's finding that the ALJ erred in his evaluation of Plaintiff's credibility by failing to give weight to Plaintiff's alleged disability onset date of May 13, 2004. Def.'s Obj. at 4; Report-

---

[1] Plaintiff initially alleged that her disability began on September 3, 2001. Pl.'s Br. at 2. However, because a previous application by Plaintiff was denied on May 12, 2004, Plaintiff would have been ineligible for any benefits on or before that date. Plaintiff therefore amended her alleged date of disability onset to May 13, 2004. Id.

2

Rec. at 22-23.

The Court has considered the objections and undertaken a *de novo* review of the record, and has determined that the Report-Recommendation should be approved and adopted in its entirety. On remand, the ALJ should attempt to secure any additional records relevant to Plaintiff's visual impairments during the relevant time period, and then reassess the onset date of Plaintiff's disability as recommended by Judge Baxter. See Report-Rec at 20-22. As to Defendant's second objection, Defendant correctly states that "an ALJ should accept an individual's alleged date of onset only where 'it is consistent with all the evidence available,' and . . . . the established onset date may 'never be inconsistent with the medical evidence of record.'" Def.'s Obj. at 3-4 (quoting Social Security Ruling 83-20). In this case, the ALJ found that Plaintiff's testimony was "very credible," but that Plaintiff's statements about the severity of her symptoms were unsupported by medical evidence. Report-Rec. at 23 (quoting Administrative Transcript at 19). Because the medical evidence of Plaintiff's visual impairments will be developed by the ALJ on remand, a reassessment of Plaintiff's credibility on this issue in light of any such new evidence is warranted.

Plaintiff's sole objection is to Judge Baxter's finding that the ALJ was not obligated to develop the record by ordering a consultative intelligence evaluation of Plaintiff. Pl.'s Obj. at 2-3. After conducting a *de novo* review of the record, the Court finds no error in the ALJ's failure to order such an evaluation, and adopts Judge Baxter's recommendation on this point.

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 16) is **APPROVED** and **ADOPTED** in its **ENTIRETY;** and it is further

**ORDERED,** that the decision of the Commissioner be **REVERSED** and this case

**REMANDED** to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Order and with the Report-Recommendation; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:    January 05, 2012
         Albany, New York

Lawrence E. Kahn
U.S. District Judge